IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILDER JOHNNY PEREZ LOPEZ, | |
| Petitioner, | **8:26CV342** |
| vs. | |
| GENE SAMUELSON, Phelps County Sheriff; DAVID EASTERNWOOD, St. Paul ICE Field Office Director; MARKWAY MULLIN, Secretary U.S. Department of Homeland security; TODD LYONS, Acting director of Immigration and Customs Enforcement; and TODD BLANCHE, Acting Attorney General, U.S. Department of Justice; | **MEMORANDUM AND ORDER** |
| Respondents. | |

This matter comes before the Court on Wilder Johnny Perez Lopez's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held without being afforded a bond hearing before an immigration judge. Respondents argue Petitioner is subject to mandatory detention as an arriving alien seeking admission. For the reasons set forth herein, the Court grants the Petition and orders Respondents to afford Petitioner a bond hearing.

I.    BACKGROUND

Petitioner is a native and citizen of Guatemala. Filing No. 6 at 3. He entered the United States without inspection as an unaccompanied minor in September, 2019. *Id.* He was issued a notice to appear and released, but the NTA was never filed with the immigration court so removal proceedings did not commence. *Id.* at 3–4. On February 25, 2026, after a series of driving-related criminal matters, Respondents issued a detainer

1

for Petitioner at the Platte County Jail and later took him into custody. *Id.* at 4–5. Petitioner is now in removal proceedings and has filed an application for asylum. Filing No. 6-8; Filing No. 6 at 5. He has a internet-based hearing on July 27, 2026. Filing No. 6-11.

Petitioner seeks a writ of habeas corpus ordering Respondents to release him or provide him with a bond hearing. Filing No. 1.

## II.   STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.   ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026

WL 63328, at *2 (D. Neb. Jan. 8, 2026).  Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, and Sixth Circuit Court of Appeals have agreed.  *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026).  However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed.  The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But the statutory-interpretation argument does not end the Court's inquiry.  The undersigned recently determined that a non-citizen's detention without the opportunity for a bond violated his due process rights under the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, (1976).  *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026).  For the same reasons set forth in greater detail in that opinion, the undersigned concludes Respondents have violated Petitioner's due process rights in this case.  Accordingly, Petitioner must be released.  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . .  The typical remedy for such detention is, of course, release.").  Should Respondents choose to re-detain Petitioner, they must afford him a bond hearing.

IT IS ORDERED

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.

2. Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order.

3.  Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.

4.  Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on July 29, 2026.**

5.  Should Respondents re-detain Petitioner, they must afford him a prompt bond determination hearing.

Dated this 24th day of July, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge
